[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has proved the material allegations of her summary process complaint: that the defendant failed to pay rent in January, 1998 pursuant to the parties; oral month-to-month lease. However, the defendant has interposed a special defense that the plaintiff failed to provide adequate heat to the apartment.
General Statutes § 47a-7 provides in relevant part: "Landlord's responsibilities. (a) A landlord shall . . . (4) maintain in good and safe working order and condition all . . . heating . . . facilities and appliances . . . supplied or required CT Page 1490 to be supplied by him. . . ."
"In a defense of a summary process action based on § 47a-7, [t]he defendant[s'] must prove that the premises were in such a state in the month of nonpayment so as to render the [premises] unfit and uninhabitable. Alteri v. Layton, [35 Conn. Sup. 261, 267,408 A.2d 18 (1979)]. The defects must materially and substantially affect the tenants' use of the premises. It is not enough for the tenant to show that the premises are not in full code compliance. . . . The requested repair involved must be `one necessary to put and keep the premises in a fit and habitable condition. [General Statutes §] 47a-7 (a)(2), Visco v. Cody, [16 Conn. App. 444, 453,547 A.2d 935 (1988)]. If minor repairs were sufficient to trigger the statutory defenses of unfit and uninhabitable what was intended as a shield for the benefit of tenants would be metamorphosed into a sword to deprive landlords of their property. Visco v. Cody, supra 453. Mere technical or cosmetic violation of governmental codes are not sufficient to rise to the level of the defense of unfit and uninhabitable."
"To be successful a tenant must demonstrate actual and serious deprivation of the use contemplated by the parties to the lease.Gayle v. Young, Superior Court, judicial district of Fairfield, Housing Session, No. SPBR 9409-27973 (1995). The code violations must be substantial and a serious deprivation to health and safety for those to be grounds for a rent abatement or sanctions of any sort. Id. Whether the premises are untenantable is a question of fact for the trier, to be decided in each case after a careful consideration of the situation of the parties to the lease, the character of the premises, the use to which the tenant intends to put them, and the nature and extent by which the tenant's use of the premises is interfered with by the injury claimed. Reid v.Mills, 118 Conn. 119, 122, 171 A. 29 [1934]; see Hayes v. CapitolBuick Co., [119 Conn. 372, 378-79, 176 A. 885 (1935)]; Tungsten Co.v. Beach, 92 Conn. 519, 524, 103 A. 632 [1918]. Thomas v. Roper,162 Conn. 343, 347, 294 A.2d 321 (1972); accord, Johnson v. Fuller,190 Conn. 552, 556-57, 461 A.2d 988 (1983)." (Internal quotation marks omitted,) Hackbarth v. Ross, Superior Court, judicial district of New Haven, Housing Session, No. CV 96-7800 (August, 1997); accord, Taggett v. Davis, Superior Court, judicial district of New Haven, Housing Session, No. SPNH 9711 18873 (Nov. 26, 1997)."
The court finds that defendant has proved that the plaintiff has failed to provide him with adequate heat. This has occurred during the winter season; it has rendered the premises unfit and CT Page 1491 uninhabitable; it has actually, seriously, materially and substantially deprived the defendant of the residential use of the premises, the use contemplated by the parties, as would be expected of inadequate heat in the winter. See Gayle v. Young, Superior Court, judicial district of Fairfield, Housing Session, No. SPBR-26840 (May 23, 1994); see also Gayle v. Young, Superior Court, judicial district of Fairfield, Housing Session, SPBR 9409-27973 (Feb. 6, 1995) ("`A lack of heat during the winter season or during any season when the temperature falls below the statutory or regulatory limits is a violation of the health code . . . and constitutes a factor that materially affects the health and safety.'").
A violation of General Statutes § 47a-7 is a defense to a summary process action based on nonpayment of rent. General Statutes § 47a-4a.
For this reason, judgment may enter for the defendant.
BY THE COURT
Bruce L. Levin Judge of the Superior Court